UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA JACKSON, CHRISTINA HICKS, LARRY HICKS, AND STEPHEN DICKERSON, Individually and On Behalf of All Others Similarly Situated, | § § | |
| Plaintiffs, | § | |
| v. | § | No. _____ |
| MCKINLEY HOMEBUILDERS, INC., MCKINLEY DEVELOPMENT COMPANY, INC., HB AMERICAN GROUP, INC. d/b/a HB RESTAURANT MANAGEMENT, DENALI LAND DEVELOPMENT, INC., YELLOW ROSE COMMERCIAL ASSETS, INC., COTTONWOOD COMMERCIAL ASSETS, INC., GREY MOSS INVESTMENT GROUP, INC., AMERICA FOCUS GROUP, LLC, AMERICA & CHINA INVESTMENT SERVICE CENTER, INC., CFA CABINETRY (DALLAS) LLC., CLEVELAND GRAND OAKS RESERVE HOA, INC., TEXAS CONSTRUCTION MATERIALS, INC., VMC TOOL SOLUTIONS LLC, 7S ALLIANCE, LLC, RENCOTX CONSULTING, LLC, & JIAYOU GONG, YI ZHAO, YUHAI ZHAO, JIE ZHOU, FANG ZHAO, DAVID NEMETH, Individually. | § § § § § | |
| Defendants. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Jessica Jackson (who also brings a race discrimination claim), Christina Hicks, Larry Hicks, and Stephen Dickerson (referred to as "Plaintiffs," or "Jackson," or "Christina," or "Larry," or "Dickerson") and bring this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid regular and overtime wages from Defendants McKinley HomeBuilders, Inc. ("Homebuilders"), McKinley

Development Company, Inc. ("Development"), HB American Group, Inc. ("HB American"), HB Restaurant Management ("HB Restaurant"), Denali Land Development, Inc. ("Denali"), Yellow Rose Commercial Assets, Inc. ("Yellow Rose"), Cottonwood Commercial Assets ("Cottonwood"), Grey Moss Investment Group, Inc. ("Grey Moss"), America Focus Group, LLC ("Focus Group"), America & China Investment Center, Inc. ("Investment Center"), CFA Cabinetry (Dallas) LLC ("CFA"), Cleveland Grand Oaks Reserve HOA, Inc., ("Grand Oaks"), Texas Construction Materials, Inc. ("Construction Materials"), VMC Tool Solutions LLC ("VMC"), 7s Alliance, LLC ("7s"), Rencotx Consulting, LLC ("Rencotx"), Jiayou Gong ("Gong"), Yi Zhao ("Zhao"), Yuhai Zhao ("Yuhai"), Jie Zhou ("Zhou"), Fang Zhao ("Fang"), David Nemeth ("Nemeth") and collectively referred to as ("Defendants").

## I.    INTRODUCTION

1.      This is a collective action complaint brought on behalf of a class of individuals who were employed by Defendants and whom Defendants classified as exempt or independent contractors. Defendants employed Plaintiffs for various roles and titles within the organization. Defendants did so to avoid having to pay staff appropriately. Defendants misclassified Plaintiffs as exempt and failed to pay overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff Jessica Jackson further alleges race discrimination violations against Defendants under 42 U.S.C. § 1981. This collective action seeks to redress the Defendants' unlawful conduct.

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 29 U.S.C. § 216(b) because it arises under federal statute.

3.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)(2) because most of Defendants' place of business(es) are in the Houston Division of the Southern District of Texas and/or the events or omissions giving rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

## III.    PARTIES

4.      Jessica Jackson is an individual who resides in Liberty County, Texas, and who was employed by Defendant for approximately six months.

5.      Christina Hicks is an individual who resides in Victoria County, Texas, and who was employed by Defendant for approximately one and one-half years.

6.      Larry Hicks is an individual who resides in Montgomery County, Texas, and who was employed by Defendant for approximately two years.

7.      Stephen Dickerson is an individual who resides in Galveston County, Texas, and who was employed by Defendant for approximately one and one-half years.

8.     Defendant McKinley Homebuilders, Inc. is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 11821 FM 2432 Rd., Willis, Texas 77378.

9.     Defendant McKinley Development Company, Inc. is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 11821 FM 2432 Rd., Willis, Texas 77378.

10.     Defendant HB American Group, Inc. d/b/a HB Restaurant Management is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Yuhai Zhao, 11821 FM 2432 Rd., Willis, Texas 77378.

11.     Defendant Denali Land Development is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Yuhai Zhao, 11821 FM 2432 Rd., Willis, Texas 77378.

12.     Defendant Yellow Rose Commercial Assets, Inc. is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 11821 FM 2432 Rd., Willis, Texas 77378.

13.      Defendant Cottonwood Commercial Assets is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 11821 FM 2432 Rd., Willis, Texas 77378.

14.     Defendant Grey Moss Investment Group, Inc. is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Yan Liu, 11821 FM 2432 Rd., Willis, Texas 77378.

15.     Defendant America Focus Group, LLC is a domestic limited liability company doing business in the state of Texas and may be served with process to its registered agent, David Nemeth, 20807 Wild Springs Dr., San Antonio, Texas 78258.

16.     Defendant America and China Investment Service Center, Inc. is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 11821 FM 2432 Rd., Willis, Texas 77378.

17.     Defendant CFA Cabinetry (Dallas), LLC is a domestic limited liability company doing business in the state of Texas and may be served with process to its registered agent, Yi Zhao, 2250 Morgan Parkway, Suite 100, Decatur, Texas 76234.

18.     Defendant Cleveland Grand Oaks Reserve HOA, Inc. is a domestic nonprofit corporation doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 11821 FM 2432 Rd., Willis, Texas 77378.

19. Defendant Texas Construction Materials, Inc. is a domestic for-profit corporation doing business in the state of Texas and may be served with process to its registered agent, Yi Zhao, 11821 FM 2432 Rd., Willis, Texas 77378.

20. Defendant VMC Tool Solutions LLC is a domestic limited liability company doing business in the state of Texas and may be served with process to its registered agent, Yi Zhao, 2845 Volterra Way, Keller, Texas 76248.

21. Defendant 7s Alliance, LLC is a domestic limited liability company doing business in the state of Texas and may be served with process to its registered agent, Yi Zhao, 2845 Volterra Way, Keller, Texas 76248.

22. Defendant Rencotx Consulting, LLC is a domestic limited liability company doing business in the state of Texas and may be served with process to its registered agent, Jiayou Gong, 10410 Southern Hawker, Conroe, Texas 77385.

25. Defendant Jiayou Gong is the Secretary and Director of McKinley Homebuilders, Inc., the President and Director of McKinley Development Company, Inc., the Director of Cleveland Grand Oaks Reserve HOA, Inc., and the Secretary and Director of Texas Construction Materials, Inc., Defendant Gong is also the registered agent for Cottonwood Commercial Assets, Inc., America & China Investment Service Center, Inc., Yellow Rose Commercial Assets, Inc., McKinley Homebuilders, Inc., Rencotx Consulting, LLC, and Cleveland Grand Oaks Reserve HOA and may be served with process at 11821 FM 2432 Rd., Willis, Texas 77378.

26. Defendant Yi Zhao is the President and Director of Texas Construction Materials, Inc. and the registered agent for CFA Cabinetry (Dallas), LLC, Texas Construction Materials, Inc., VMC Tool Solutions LLC, and 7s Alliance, LLC and may be served with process at 11821 FM 2432 Rd., Willis, Texas 77378.

27. Defendant Yuhai Zhao is the President and Director of HB American Group, Inc. d/b/a HB Restaurant Management and the registered agent for Denali Land Development, Inc. and may be served with process at 11821 FM 2432 Rd., Willis, Texas 77378.

28. Defendant Jie Zhao is the Director of Cleveland Grand Oaks Reserve HOA, Inc. and may be served with process at 11821 FM 2432 Rd., Willis, Texas 77378.

29. Defendant Fang Zhao is the President and Director of McKinley Homebuilders, Inc. and may be served with process at 11821 FM 2432 Rd., Willis, Texas 77378.

30. Defendant David Nemeth is the Director of Cleveland Grand Oaks Reserve HOA, Inc. and may be served with process at 11821 FM 2432 Rd., Willis, Texas 77378.

## IV.    FACTS – RACE DISCRIMINATION

31. Defendants are owned and operated in all or in part by a Chinese citizen who rarely visits the United States. His name is Yuhai Zhao. He and his family own McKinley Home Builders

and they also own a number of other companies including the Defendants listed in this instant lawsuit.

32.     All of the Defendant corporations are managed by the same group of people. There is no formal separation in the management of these companies, and leadership moves employees and contractors among the corporations on a constant basis. All companies, and Defendant corporations, are managed out of one office in Willis, Texas.

33.     Plaintiff Jessica Jackson, who is African American, commenced employment with Defendant McKinley Development Company on or around June of 2018 as the Administrative Assistant. In September of 2018, she was promoted to Warehouse Manager.

34.     Defendant Gong disliked African-Americans as he was exceptionally vocal about his distaste. Defendant Jeff Zhao told Plaintiff Dickerson, "we don't like black people." Plaintiff Jackson was hired upon the insistence of fellow staff to Gong's displeasure.

35.     On or around December 10, 2018, Jackson notified one of her supervisors that she would be a few minutes late from dropping her son off at school. Upon arriving to the office, Vice President Gong began to scream and yell at Jackson in front of fellow co-workers. Jackson asked Gong to stop and, if he wanted to talk, to do so in private and not in front of staff members.

36.     Gong demanded that she not speak to him that way as "no woman should ever speak to a man like that." Gong has a history of bullying and harassing woman and those of differing nationalities. Gong describes women as sickly and weaker than male counterparts.

37.      Gong enjoyed humiliating employees in front of staff as he did with Plaintiff Jackson. Gong made inappropriate and sexist remarks on a daily basis. He called a heavyset employee "the fat employee," told employees to "get a Mexican because [he] need[ed] his yard cut," and to "hire Mexicans because they work, but don't hire blacks because they are lazy."

38.     The very next day, Plaintiff Jackson received a disciplinary form from the corporate office. She was cited as being a no-call/no-show despite attending work. Development demoted her, decreased her pay, and demanded that she sign acknowledgment of such. Jackson refused to sign the document until the false allegations were removed.

39.     Approximately two weeks later, Plaintiff Jackson noticed her position had been posted to the job site, Indeed. When she inquired further, Gong told her to not worry about it. Shortly after, Plaintiff Jackson came to work and a white female was with Gong and another man. Gong said to those present that Jackson would be training the woman because "[Jackson] was leaving due to personal reasons."

40.     Jackson had no intention of leaving her job nor had she stated that she was planning to do so. When asked why she was being let go, Gong told her it was due to absences. Jackson was replaced by the Caucasian female.

## V.      FACTS – FAIR LABOR STANDARDS ACT

41.     Plaintiff Jackson was hired as the Administrative Assistant and as a full-time employee. Jackson was required to follow all protocol, policies, and procedures of Defendants.

42.     Jackson's regular hours involved coming in at 8 a.m. until 4 p.m.. Jackson was required to be at work every day as she was the key holder to the business. She often worked additional hours beyond this schedule but was paid the same amount.

43.     Jackson was paid a salary. Inconsistent with a salaried employee, Defendant docked Jackson's pay when it was not satisfied with her performance or for absences.

44.     Plaintiff Christina was initially hired as an independent contractor and became a full-time employee a few months later. Christina held the position of Administrative Manager for Defendant Homebuilders. She regularly worked fifty (50) hours per week. Her salary was deducted for various reasons by Defendant.

45.     Defendant delegated Christina to train at the new HB American restaurant, Huddle House, from Friday to Monday. She was required to report to work Monday through Friday as the Administrative Manager.

46.     Plaintiff Larry commenced employment as the Contractor Assistant Supervisor for Homebuilders. After working more than one year in this position for Homebuilders, Larry was told he was being moved to sister company, Texas Construction, to work as a salesman.

47.     Larry was advised by Defendant that he was a salaried employee after Larry confronted Defendants about working weekends and more than forty (40) hours a week.

48.     Larry was required to sign a W4 and 1099 IRS forms at various times during his employment because he was paid as both an employee and contractor even though he was an employee.

49.     Plaintiff Dickerson was employed with Homebuilders as part of the security and maintenance department and lived on the Grand Oaks property site. He was employed as a full-time employee in February 2018. Dickerson was paid the same amount each week regardless of hours worked. In May of 2018, Dickerson was threatened with termination if he did not sign a document classifying him as a contractor. Dickerson lost wages from the reclassification as his payday changed. Defendant willfully refused to compensate him for his lost wages.

50.     Dickerson worked all hours of the night monitoring security cameras. He also was required to wake at 6:30 a.m. to unlock the gates. Dickerson worked all hours of the day and was severely fatigued. Dickerson was told to "go somewhere else if [he] didn't like [the situation]."

51.     Plaintiffs Larry and Dickerson worked overtime during the winter months of 2017 and 2018. The hours worked were from seven (7) a.m. to eight (8) p.m.

52.     Defendants did not maintain customary time records for any employees. Tiffany Li was in charge of payroll and Defendants paid Plaintiffs the same amount each week, regardless of hours worked. All Plaintiffs worked more than 40 hours per week and none were paid overtime. All Plaintiffs are properly classified as non-exempt workers under the FLSA. She would dock pay for coming in late and/or leaving early.

## VI.     COUNT ONE – VIOLATIONS OF 42 U.S.C. § 1981 AGAINST HOMEBUILDERS AND DEVELOPMENT

53.     Plaintiff adopts by reference all of the facts set forth above.

54.     Defendants, through its agents, supervisors, and representatives, engaged in a pattern and practice of unlawful race discrimination in violation of 42 U.S.C. § 1981.

55.     Section 1981 prohibits discrimination based on race, ancestry, or ethnic characteristics in the performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Section 1981 also prohibits harassment based on race, ancestry, or ethnic characteristics.

56.     By the conduct alleged herein, Defendants subjected Plaintiff Jackson to discrimination based on race, ancestry, and ethnic characteristics in violation of Section 1981.

## VII.     COUNT TWO – FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(a) AGAINST ALL DEFENDANTS

57.     Plaintiffs adopt by reference all of the facts set forth above.

58.     Defendants misclassified Plaintiffs as salaried employees and/or contractors.  By misclassifying the Plaintiffs, Defendants sought to avoid various duties and obligations owed to Plaintiffs under the Fair Labor Standards Act and failed to pay regular and overtime wages for all hours worked. Defendants also failed to maintain accurate records.

59.     Plaintiffs' job duties and responsibilities do not satisfy the exemption tests for exempt employees. Defendants retained and exercised control over the exercise of Plaintiffs' job duties. Plaintiffs did not have a meaningful degree of independent discretion nor the authority to make decisions with respect to matters of significance. Plaintiffs' duties were not related to the management or general business operations of Defendant. Plaintiffs cannot satisfy the executive, administrative, professional, computer, outside sales, and/or highly-compensated employee exemptions. Instead, Plaintiffs were non-exempt workers.

60.     Alternatively, even if some Plaintiffs' job duties did satisfy the exemption test, Defendants did not pay them on a salary basis and/or made illegal deductions to salary.

61.     Defendants were legally obligated to pay Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed for the hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

62.     Defendants failed to pay all Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for hours worked over forty.

63.     Defendants miscategorized Plaintiffs as exempt, salaried employees. Alternatively, Defendants properly classified Plaintiffs, but failed to pay them minimum wage or overtime for all hours worked.

64.     Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

## VIII.   COUNT THREE – FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(c) AGAINST ALL DEFENDANTS

65.     Plaintiffs adopt by reference all of the facts set forth above.

66.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c), 29 C.F.R. pt. 516.

67.     In addition to the pay violations of the FLSA described above, Defendants failed to keep proper time records by the FLSA.

## IX.     COUNT FOUR – COLLECTIVE ACTION ALLEGATIONS AGAINST ALL DEFENDANTS

68.     Plaintiffs adopt by reference all of the facts set forth above.

69.     On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

70.     These employees are similarly situated to Plaintiff because their job duties are the same as or similar to Plaintiffs, during the relevant time period their positions constantly changed, they were compensated in a similar manner (miscategorized as salaried and/or as contractors), their salary was subject to unlawful deductions, and they were denied overtime wages at one and one-half times their regular rate for hours worked over forty in a work week.

71.     Defendants are liable to Plaintiffs and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

72.     Plaintiffs' experiences are typical of the experiences of similarly situated putative class members and collective action treatment is appropriate.

73.     Because Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA, Defendants owe Plaintiffs and members of the putative class their unpaid regular and overtime wages.

74.     Defendants are liable to Plaintiffs and the members of the putative class their unpaid overtime wages as liquidated damages.

75.     Defendants are liable to Plaintiff and the members of the putative class for their reasonable attorneys' fees and costs.

## X.     JURY DEMAND

76.     Plaintiffs demand a trial by jury.

## XI.     PRAYER

77.     Plaintiffs request that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against the Defendant for the following:

a.     An order allowing this action to proceed under a collective action under 29 U.S.C. § 216(b);

b.     Judgement awarding Plaintiff and the members of the putative class all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

c.     Prejudgment interest at the applicable rate;

d.     Incentive awards for any class representatives;

e.     Lost compensation and benefits;

f.     Reinstatement or front pay;

g.     Actual, liquidated, and exemplary damages;

h.     Reasonable attorney's fees and costs;

i.     Pre-judgment and post-judgment interest as allowed by law;

j.     As to Jackson, back pay, front pay in lieu of reinstatement, compensatory damages, and punitive damages; and

k.     All such other and further relief to which Plaintiffs and the members of the putative class may show themselves to be justly enriched.

Respectfully submitted,

9

By: _/s/ Samantha Martinez_
Samantha Martinez
ATTORNEY IN CHARGE
Federal Id No. 27604
State Bar No. 24026860
sam@mtzfirm.com
325 Heights Blvd.
Houston, TX 77007
Telephone:      (713) 333-3270
Telecopier:     (713) 333-3275

ATTACHMENT TO CIVIL COVER SHEET NAMING DEFENDANTS:

MCKINLEY HOMEBUILDERS, INC.,
MCKINLEY DEVELOPMENT COMPANY, INC.,
HB AMERICAN GROUP, INC. d/b/a HB RESTAURANT MANAGEMENT,
DENALI LAND DEVELOPMENT, INC.,
YELLOW ROSE COMMERCIAL ASSETS, INC.,
COTTONWOOD COMMERCIAL ASSETS, INC.,
GREY MOSS INVESTMENT GROUP, INC.,
AMERICA FOCUS GROUP, LLC,
AMERICA & CHINA INVESTMENT SERVICE CENTER, INC.,
CFA CABINETRY (DALLAS) LLC.,
CLEVELAND OAKS GRAND RESERVE HOA, INC.,
TEXAS CONSTRUCTION MATERIALS, INC.,
VMC TOOL SOLUTIONS LLC,
7S ALLIANCE, LLC,
RENCOTX CONSULTING, LLC, &
JIAYOU GONG, Individually
YI ZHAO, Individually
YUHAI ZHAO, Individually
JIE ZHOU, Individually
FANG ZHAO, Individually
DAVID NEMETH, Individually