IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSICA JACKSON, CHRISTINA HICKS, LARRY HICKS AND STEPHEN DICKERSON, Individually and on behalf of All Others Similarly Situated § § § § § | |
| vs. § | CIVIL ACTION NO. 4:19-cv-01544 |
| § | |
| McKINLEY HOMEBUILDERS, INC., McKINLEY DEVELOPMENT COMPANY, INC., HB AMERICAN GROUP, INC., d/b/a HB RESTAURANT MANAGEMENT, DENALI AND DEVELOPMENT, INC., YELLOW ROSE COMMERCIAL ASSETS, INC., COTTONWOOD COMMERCIAL ASSETS, INC., GREY MOSS INVESTMENT GROUP, INC., AMERICA FOCUS GROUP, LLC, AMERICA & CHINA INVESTMENT SERVICE CENTER, INC., CFA CABINETRY (DALLAS) LLC, CLEVELAND GRAND OAKS RESERVE HOA, INC., TEXAS CONSTRUCTION MATERIALS, INC., VMC TOOL SOLUTIONS LLC, 7S ALLIANCE, LLC, RENCOTX CONSULTING, LLC, & JIAYOU GONG, YI ZHAO, YUHAI ZHAO, ZIE ZHOU, FANG ZHAO, DAVID NEMETH, Individually § § § § § § § § § § § § § § § § § § § § § § | |

**Joint Motion for Approval of Settlement of FLSA Claims
and for Order of Dismissal with Prejudice**

Plaintiff, Jessica Jackson, Christina Hicks, Larry Hicks, and Stephen Dickerson, along with

Defendants, McKinley HomeBuilders, Inc., McKinley Development Company, Inc., HB

American Group, Inc. d/b/a HB Restaurant Management, Texas Construction Materials, Inc.,

014886.000004\4810-6873-6935.v1

Jiayou Gong, Jie Zhou, and David Nemeth file the above-styled motion and would respectfully show as follows:

1. Plaintiffs filed this lawsuit on April 26, 2019 and thereafter amended same on July 19, 2019. The causes of action asserted by one or more Plaintiffs are as follows:

    a. *By all Plaintiffs:* A cause of action for unpaid overtime under 29 U.S.C. § 207, et. seq. (the "FLSA Claims"); and

    b. *By Plaintiff Jessica Jackson only:* A cause of action for racial discrimination under 42 U.S.C. § 1981 (the "Section 1981 Claim").

2. Defendants filed an answer and asserted various affirmative defenses.

3. Plaintiffs and Defendants agree that bona fide disputes exist in the Lawsuit with respect to the FLSA Claims, including, but not limited to, issues regarding: a) classification of the Plaintiffs as an independent contractor or employee, b) status of the Plaintiffs as exempt or non-exempt, c) the number of overtime hours, if any, that any of the Plaintiffs may have worked and not been paid for; d) whether one or more of the Defendants was properly sued in the capacity of "Employer", and e) whether one or more of the Defendants acted in good faith or acted willfully.

4. This suit has not been certified as a collective action.

5. On Friday, September 13, 2019, Plaintiffs and Defendants attended a full day mediation and as a result thereof, reached a settlement of the disputed issues on Plaintiffs' FLSA Claims as well as a separate settlement of Plaintiff Jessica Jackson's Section 1981 Claim.

6. With respect to the Plaintiffs' FLSA Claims, Plaintiffs and Defendants were both represented by counsel at the mediation. Moreover, prior to the mediation, Plaintiffs and Defendants exchanged relevant documents regarding Plaintiffs' FLSA Claims and Defendants' defenses.

7. Plaintiffs further each represent that upon payment of the amounts agreed to with respect to the settlement of their FLSA Claims, they will have received payment in full for all wages that they are or may be entitled to.

8. Plaintiffs and Defendants respectfully request that the Court approve their settlement of Plaintiffs' FLSA Claims. Because the parties have agreed that their settlement will be confidential, they will be submitting the terms of their settlement to the Court for an *in camera* review without filing same with this Motion.

9. Plaintiffs and Defendants contend that the settlement is an enforceable resolution of the Plaintiffs' FLSA Claims predicated on a bona fide dispute about classifications, exempt status, and time worked and not as a compromise of guaranteed FLSA substantive rights themselves. *Martin v. Spring Break '83 Prod.,* 688 F.3d 247, 255-256 (5th Cir. 2012). The Parties believe that their settlement is fair and reasonable. *See also Quintanilla v. A&R Demolition, Inc.,* 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008)("If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation.")(internal citations and references omitted)*; Kaesemeyer v. Legend Mining USA, Inc., et al,* U.S. Dist. Case No. 6:17-cv-01520, Dkt. 58 (W.D. La., September 10, 2019)(settlement approved where the court found that the settlement involved the resolution of a bona fide dispute over an FLSA provision and that the settlement was fair and reasonable).

10.     Further, with respect to court approval of FLSA settlements, the Eleventh Circuit has held:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*See Lynn's Food Stores, Inc. v. United States Department of Labor,* 679 F.2d 1350, 1354 (11th Cir. 1982).

11.     Accordingly, Plaintiffs and Defendants respectfully request that the Court approve their settlement as a fair and reasonable compromise of a bona fide dispute. As Plaintiffs and Defendants have otherwise also resolved all matters in dispute between themselves, they would further request that the Court enter a Judgment approving the settlement and dismissing this lawsuit, with prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Defendants, respectfully respect that the Court approve their settlement and thereafter dismiss this lawsuit with prejudice and for such additional relief to which they may show themselves justly entitled.

014886.000004\4810-6873-6935.v1

Respectfully submitted,

COATS ROSE, P.C.

By: */s/ Nancy H. Hamren*  
Nancy H. Hamren  
State Bar No. 09549430  
Texas Southern District Bar No. 3694  
nhamren@coatsrose.com  
9 Greenway Plaza, Suite 1000  
Houston, Texas 77046  
Tel.: (713) 653-7362 (Direct)  
Fax: (713) 651-0220  
*Attorneys for Defendants*

By: */s/ Samantha Martinez*  
Samantha Martinez  
State Bar No. 24026860  
Texas Southern District Bar No. 27604  
sam@mtzfirm.com  
325 heights Blvd.  
Houston, Texas 77007  
Tel.: (713) 333-3270  
Fax: (713) 333-3275  
*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that a true and correct copy of the *Joint Motion for Approval of Settlement of FLSA Claims and for Order of Dismissal with Prejudice* has been served upon the following counsel, via the ECF system, on this 23rd day of September, 2019:

Samantha Martinez  
Martinez Law Firm, PLLC  
325 Heights Blvd.  
Houston, Texas 77007  
Email: sam@mtzfirm.com  
*Counsel for Plaintiffs*

*/s/ Nancy H. Hamren*  
Nancy H. Hamren

5